## *SIMEON M. JOHNSON, ADM'R v. ESTELLA SPIEGEL.

**1.** AFTER-ACQUIRED CLAIM NOT TO BE SET OFF THOUGH PLAINTIFF IS INSOLVENT.

The plaintiff's action was against the defendant for borrowed money, and board, nursing and washing. After the commencement of the action defendant became the owner of a claim against the plaintiff, and alleged plaintiff was insolvent, and asked that the claim might be set off against plaintiff's claim: Held, the claim against defendant, acquired by plaintiff after suit commenced, can not be brought in by defendant as a set-off against plaintiff's claim in this suit.

**2.** COMMON KNOWLEDGE OF JURY NOT TO SUPPLY WANT OF PROOF.

In an action on an account, in which were charges for boarding and washing, where no evidence was offered at the trial to show the value thereof, the trial court charged the jury, that "as to matters of this nature, such as board and washing, which are within the common knowledge and experience of all, the jury have a right, in the absence of all proof as to value, and from their own knowledge of such transactions and business of life, and of the value of such services, to find a verdict for the value thereof." Held, error. It was incumbent on plaintiff to prove the value.

ERROR to the Court of Common Pleas of Hamilton county.

The following facts appear from the bill of exceptions:

The defendant in error sued the plaintiff in error to recover Sixty-six dollars and fifty cents ($66.50), alleging in her petition that the same was due for board, washing, work and labor, and money loaned to and for Thomas Cosgrove, plaintiff's decedent, at his request.

To the petition a general denial was filed. Subsequently, by supplemental answer, the plaintiff in error claimed that he, as administrator, had, since the commencement of said suit, become the owner of a certain promissory note, of which the plaintiff below was maker; that the same was the property of the said estate; that the plaintiff was insolvent, and if he were unable to set off said claim in said suit, said estate would be unable to realize on the same.

A demurrer was filed to this supplemental answer, which was sustained by the court below, and to which ruling of the court exception was duly taken.

From the bill of exceptions it appears, that on the trial below, the plaintiff offered no testimony as to the value of either the board, washing, work or labor claimed, and for which suit was brought. The defendant below thereupon asked the court to give the following charge:

"The plaintiff, in order to recover in this action for any of the services rendered for him or the board furnished him, must prove the value of the same, what the same is reasonably worth, and if no value thereof is proved, and there is no evidence from which their value can be ascertained, nominal damages only can be given therefor."

Which charge the court refused to give, to which refusal the defendant duly excepted.

The court in its general charge however, instructed the jury:

"That as to matters of this nature, such as board and washing, which are within the common knowledge and experience of all, the jury have a right, in the absence of all proof as to values, from their own knowledge of such ordinary trans-

---

actions and business of life, and of the value of such services, to find a verdict for the value thereof; that this rule did not apply to the value of the nursing, as to which there was no evidence in the case."

To which charge the defendant also duly excepted.

The above rulings of the court were assigned for error on the motion for a new trial, which motion was overruled by the court below; and the present proceeding in error is prosecuted to obtain a reversal of the order of the court in overruling said motion.

SWING, J.

Two points of error are relied on by plaintiff in error:

First—That the court erred in sustaining a demurrer to the supplemental answer and cross-petition of the defendant.

The plaintiff's action was against the defendant for borrowed money, and board, nursing and washing. After the commencement of the action, defendant became the owner of a claim against the plaintiff, and alleged plaintiff was insolvent, and asked that the claim might be set off against plaintiff's claim.

Judge Swan says, in his Treatise, than which there is no better authority, at page 797, tenth edition: "If the defendant, after the suit is commenced against him, procure an assignment of a debt against the plaintiff, he cannot be allowed to bring it in by way of set-off, and it is for the defendant to satisfy the justice * * * that the set-off was held by him before the commencement of the suit;" and such we understand to be the law. We therefore find no error in the judgment of the court on this point.

Second—The second ground of error relied upon arises out of the refusal of the court to give a certain charge requested by defendant, which is as follows:

"The plaintiff, in order to recover in this action for any of the services rendered for him, or the board furnished him, must prove the value of the same; what the same is reasonably worth, and if no value thereof is proved, and there is no evidence from which their value can be ascertained, nominal damages only can be given therefor;" and the giving by the court of the following charge:

"As to the claims for board, washing and nursing, the jury are to find from all the evidence in the case whether the board was furnished and the services in washing and nursing rendered; and having first so determined, if they do so find, then they are to find the value thereof; there has been no evidence offered as to said value. But, I charge you, that as to matters of this nature, such as board and washing, which are within the common knowledge and experience of all, the jury have a right, in the absence of all proof as to value, and from their own knowledge of such transactions and business of life, and of the value of such services, to find a verdict for the value thereof; that this rule does not apply to the question of the value of the nursing as to which there was no evidence in the case."

We find upon an examination of the bill of exceptions, that there was no evidence offered as to the value of the services rendered by plaintiff, either for board, washing or nursing.

The action of the plaintiff was on an account, the itemized statement of which is as follows:

1883—July 27.   To money loaned.................................... $25 00
1883—July 27, to August 17, 1883, board at $5 per week, 4 1-2 weeks....  22 00
1883—Aug. 17 to Oct. 26, washing at 50 cts. per week..................   5 00
1883—Sept. 8.   To cash at hospital...................................   5 00
1883—Sept. 8.   To 4 1-2 weeks' nursing when sick.....................   9 00

The answer of the defendant was a general denial.

In refusing to give the charge asked, and in the charge as given, we think the court erred.

The law as laid down by the court was so contrary to our understanding of it, that we were surprised to see it sustained by so high a court as the court of appeals in Kentucky. In the case of Baum v. Winston, 3 Met., (Ky.), and in the case of Craig v. Turrett, 1 J. J. Marshall, we find the law to be in accordance with the holding of the court. However in the 8th Arkansas we find the law to hold otherwise. These are the only cases we have been able to find exactly in point. We have however made no particular effort to find adjudicated cases on the question, but have looked to the general principles of evidence as given by Greenleaf, Taylor, Whorton, Phillips and Starkie, and in none of these have we been able to find the position taken by the court to be sustained. Starkie probably states the general principle more clearly than the others. He says, at sec. 735: "It is however requisite in all cases that the plaintiff should adduce some *prima facie* evidence in support of any essential allegation. When there is a failure of evidence tending to establish any one essential averment, the court directs an acquittal in a criminal, or directs the plaintiff to be non-suited in a civil action." * * *

In Trial by Jury, Mr. Forsythe, at page 135, says: "It was in consequence of this principle of the original constitution of the jury that it was for a long time held that this private knowledge of facts might influence their verdict as much as the oral and written evidence which was produced in court. And, therefore, they might bring in a verdict although no proof was offered on either side. * * * This is the meaning of the old legal doctrine, which is at first sight somewhat startling, that the evidence in court is not binding evidence to a jury." * * *

"And now so different is the principle on which the jury find their verdict that it would be a reason for a new trial if they were told by the presiding judge to take into account and be guided by their own knowledge of facts derived from any source independent of the evidence before them."

The plaintiff alleged that the services in this case were of a particular value. The boarding so much, the washing so much, and the nursing so much. These allegations were all denied by the defendant, and, therefore became issuable facts in the case. It is true that the jury would be expected, in considering the evidence, to apply to it their general knowledge of the value of such services; but the jury can not supply from their own minds, which was incumbent upon the part of the plaintiff to furnish.

It follows from the foregoing view of the law of this case that the judgment of the court below must be reversed, with costs, and remanded for further proceedings.

Burch & Johnson, for plaintiff in error.

Carr & Dengler, for defendant in error.